MYERS, P.J.,
for the Court.
¶ 1. Bruce Calvin McCoy, pro se, appeals the Circuit Court of Lincoln County’s denial of his motion for post-conviction relief. Finding that McCoy failed to comply with the requirements of a motion for post-conviction relief, we dismiss without prejudice so that McCoy may separate his individual claims for relief in compliance with Mississippi Code Annotated section 99-39-9(2) (Rev.2000).
SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 2. McCoy was charged in four separate indictments on November 10, 2004, for nine different crimes, involving four different victims. On December 6, 2004, McCoy pled guilty to two counts of burglary of a dwelling, one count of burglary of a building, four counts of grand larceny, and two counts of petit larceny. Each of the counts was enhanced under our habitual criminal statute, Mississippi Code Annotated section 99-19-81 (Rev.2000). At his sentencing hearing held on January 10, 2005, McCoy received a term of incarceration of twenty-five years for both charges of burglary of a dwelling, seven years for the charge of burglary of a building, five years for each of the four grand larceny charges, and six months for the petit larceny charges. All sentences are to run concurrently and without the chance of early release or parole. Various costs, fees, fines and restitution payments were also assessed upon McCoy. From the convictions of the nine charges, McCoy filed a motion for post-conviction relief (PCR) in the circuit court, which was denied. Aggrieved, McCoy appeals to this Court attacking all four sentences which resulted from his guilty pleas entered on the nine different counts.
DISCUSSION
¶ 3. The rules of the Mississippi Code governing a prisoner’s post-conviction relief limit the number of counts that can be challenged in one motion. Miss. Code Ann. § 99-39-9(2). Section 99-39-9(2) states: “A motion shall be limited to the assertion of a claim for relief against *881 one judgment only. If a prisoner desires to attack the validity of other judgments under which he is in custody, he shall do so by separate motions.” Where a petitioner seeks post-conviction relief on multiple judgments against him, he must file one post-conviction motion for each of the challenged judgments. Smith v. State, 919 So.2d 989, 992(¶ 2) (Miss.Ct.App.2005); Readus v. State, 837 So.2d 209, 212(¶ 7) (Miss.Ct.App.2003); Shaw v. State, 803 So.2d 1282, 1284-85(¶ 9) (Miss.Ct.App.2002). While all of the judgments against McCoy were entered on the same date, the judgments were indeed separate convictions carrying separate sentences. Thus, McCoy is unable to collaterally attack all of the judgments against him in one petition for post-conviction relief.
¶ 4. Because McCoy fails to separate his claims for relief by filing a separate motion for each of the judgments against him, this Court must dismiss McCoy’s motion for post-conviction relief without prejudice, as it does not fulfill the statutory requirements of Mississippi Code Annotated section 99-39-9(2).
¶ 5. THE APPEAL FROM THE JUDGMENT OF THE CIRCUIT COURT OF LINCOLN COUNTY DENYING POST-CONVICTION RELIEF IS DISMISSED WITHOUT PREJUDICE. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LINCOLN COUNTY.
KING, C.J., LEE, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.