# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-00051-COA

**BRUCE CALVIN MCCOY A/K/A BRUCE MCCOY A/K/A BRUCE C. MCCOY**  APPELLANT

**v.**

**STATE OF MISSISSIPPI**  APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 12/14/2015 |
| TRIAL JUDGE: | HON. DAVID H. STRONG JR. |
| COURT FROM WHICH APPEALED: | LINCOLN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | BRUCE CALVIN MCCOY (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAURA HOGAN TEDDER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | MOTION FOR POST-CONVICTION RELIEF DISMISSED |
| DISPOSITION: | AFFIRMED - 03/28/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., BARNES AND FAIR, JJ.**

**BARNES, J., FOR THE COURT:**

¶1. Bruce McCoy, appearing pro se, appeals the judgment of the Circuit Court of Lincoln County dismissing his motion for post-conviction relief (PCR). While McCoy was convicted for numerous crimes, this motion challenges only his convictions for burglary of a dwelling and petit larceny. The circuit court dismissed the motion as successive. Finding no error, we affirm.

## STATEMENT OF THE FACTS AND PROCEDURAL HISTORY

¶2. On November 10, 2004, McCoy was charged by a Lincoln County grand jury in four

separate indictments for nine different crimes involving four different victims. In the indictment at issue here, McCoy was charged with burglary of a dwelling house and petit larceny, as a habitual offender under Mississippi Code Annotated section 99-19-83 (Rev. 2015).

¶3. The State moved to amend this indictment to charge McCoy under the lesser habitual-offender statute of Mississippi Code Annotated section 99-19-81 (Rev. 2015), instead of section 99-19-83, "because of his willingness to enter a blind plea to all of his charges at arraignment." On December 6, 2004, McCoy pleaded guilty to two counts of burglary of a dwelling, one count of burglary of a building, four counts of grand larceny, and two counts of petit larceny. At his sentencing hearing in January 2005, McCoy was sentenced to the maximum terms of imprisonment of twenty-five years for both charges of burglary of a dwelling, seven years for the charge of burglary of a building, five years for each of the four grand-larceny charges, and six months for each of the petit-larceny charges. All of the sentences were ordered to run concurrently without the possibility for early release or parole.

¶4. McCoy's first PCR motion timely challenged all four of his sentences resulting from his guilty pleas entered on the nine different counts. The circuit court denied relief, and McCoy appealed to this Court. We dismissed McCoy's appeal without prejudice for failing to file separate motions challenging each judgment as required by Mississippi Code Annotated section 99-39-9(2) (Rev. 2000). *McCoy v. State*, 941 So. 2d 879, 881 (¶4) (Miss. Ct. App. 2006). McCoy was then free to file separate PCR motions for relief on each judgment. McCoy filed another PCR motion in 2007, which the circuit court denied.

McCoy appealed, but his appeal was dismissed for failure to pay the appeal costs. *McCoy v. State*, 2007-TS-00951-COA (Aug. 16, 2007).

¶5. On March 15, 2011, McCoy filed three separate PCR motions challenging his guilty pleas and sentences. He argued there was newly discovered evidence – that one of the victims was a court administrator, and the circuit judge should have recused himself. Additionally, he argued there was an intervening decision by the Mississippi Supreme Court, his indictments were insufficient, and his defense counsel was ineffective. The circuit court summarily dismissed each of the PCR motions as untimely and successive. McCoy appealed, and finding no viable exceptions to the procedural bars, this Court affirmed the dismissal in *McCoy v. State*, 111 So. 3d 673, 675 (¶1) (Miss. Ct. App. 2012).[1]

¶6. On October 8, 2015, McCoy filed the PCR action at issue in this appeal, challenging only the indictment in Cause No. 2014-312-MS – for burglary of a dwelling and petit larceny. In his thirty-page motion, McCoy argued that the habitual portion of his sentence under section 99-19-81 should be vacated because there was no proof presented that he had been imprisoned over a year. He also claimed his indictment was invalid because it did not contain the words "against the peace and dignity of the state" required by Uniform Rule of Circuit and County Court 7.06(7). The circuit court dismissed his PCR motion as successive, noting that this motion was McCoy's fourth. McCoy timely appealed.

**STANDARD OF REVIEW**

---

[1] In April 2013, the Court denied McCoy's motion for rehearing. In July 2013, the Mississippi Supreme Court denied certiorari. *McCoy v. State*, 117 So. 3d 330 (Miss. 2013) (table).

¶7. This Court reviews the circuit court's dismissal of a PCR motion for an abuse of discretion. *Crosby v. State*, 16 So. 3d 74, 77 (¶5) (Miss. Ct. App. 2008) (citation omitted). The dismissal will only be disturbed in cases where the circuit court's decision was clearly erroneous. Questions of law are reviewed de novo. *Id.* at 77-78 (¶5).

## ANALYSIS

### I. Procedural Bars

¶8. McCoy admits, as the circuit court found, that his PCR motion is a successive writ. We agree. Under the Uniform Post-Conviction Collateral Relief Act (UPCCRA), any order denying or dismissing a PCR motion bars a second or successive motion. Miss. Code Ann. § 99-39-23(6) (Rev. 2015). This PCR motion is McCoy's fourth, relating to his December 2004 guilty plea, and it was filed in October 2015, nearly eight years after the statutory deadline of December 2007 had passed. *See* Miss. Code Ann. § 99-39-5(2) (Rev. 2015).

¶9. However, McCoy attempts to circumvent the procedural bar by claiming his motion is excepted due to newly discovered evidence "not reasonably discoverable at the time of trial . . . which would have caused a different result in the conviction or sentence," and an intervening decision of the Mississippi Supreme Court – *Rowland v. State*, 42 So. 3d 503 (Miss. 2010). *Rowland* held that "errors affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA." *Id.* at 506 (¶9). However, the mere assertion of a constitutional rights violation is not sufficient to overcome the time bar. *Chandler v. State*, 44 So. 3d 442, 444 (¶8) (Miss. Ct. App. 2010) (citation omitted). The burden of proof is on the movant to show any statutory exceptions to the procedural bars

have been met. *White v. State*, 59 So. 3d 633, 635 (¶8) (Miss. Ct. App. 2011) (citation omitted). McCoy argues that his constitutional rights were violated by his "cruel and unusual" enhanced punishment and invalid indictment, but he provides no valid evidence of such. He has merely fashioned new arguments in his fourth PCR motion in an attempt to overcome the procedural bar under section 99-39-23(6).

## II. Habitual-Offender Status and Defective Indictment

¶10. McCoy raises four issues on appeal regarding his habitual-offender status – two related to the "pen-pack," and two on his indictment. First, he argues that the prosecutor failed to provide pen-pack documents as proof of his prior convictions for felonies to show he had served a year or more in prison. Relatedly, McCoy alleges that the circuit court erred in granting the order to amend the indictment without the pen-pack documents to justify the enhancement. Third, McCoy claims the prosecutor failed to comply with Rule 7.06(7) because his indictment did not contain the phrase "against the peace and dignity of the state," and similarly, that the circuit court erred in allowing the indictment to be amended without this phrase.

### A. Habitual-Offender Status

¶11. McCoy claims that the prosecutor should have provided a pen-pack of prior convictions as proof of his habitual status under section 99-19-81. These documents would have included certified copies of indictments, sentencing orders, commitment papers, and judgments to prove he served a year or more in prison. He claims that no documents were provided to show he served over a year in prison for prior convictions.

5

¶12. This argument is without merit. First, section 99-19-81 does not require proof that the defendant served, but that he was sentenced to, a year or more in prison. Additionally, in order to sentence a defendant as a habitual offender, the State must generally prove the prior offenses by competent evidence, so the defendant can be given a reasonable opportunity to challenge the proof. However, when the defendant pleads "guilty and admits those facts which establish his habitual status, the State has met its burden of proof." *Wilkins v. State*, 57 So. 3d 19, 26 (¶23) (Miss. Ct. App. 2010) (citation omitted). "For this Court to affirm an enhanced sentence under section 99-19-81, the trial court's basis for imposing the sentence must appear in the record on appeal." *Hilliard v. State*, 175 So. 3d 554, 561 (¶21) (Miss. Ct. App. 2015) (citation omitted). Here, the indictment satisfies this requirement.

¶13. During the plea hearing, the circuit judge went over with McCoy the charges and the maximum sentences for each charge in the indictment. The judge explained that McCoy's sentences were being enhanced under section 99-19-81. This Court was only provided a portion of McCoy's indictment, but it details four prior felonies for which McCoy was convicted, each resulting in a sentence of over one year.[2] This document justifies habitual-offender enhancement. McCoy affirmed at the hearing that his attorney had gone over the indictments and the elements of each crime charged. By pleading guilty, McCoy admitted

_____

[2] The copy of the indictment McCoy provided to the Court in the record contains only the first two pages. Of the four prior felony convictions, three were in Mississippi and one in Illinois: McCoy was convicted of two separate violations for uttering a forgery in November 1973 and sentenced to five years in prison, aggravated sexual assault in June 1985 in Illinois and sentenced to six years in prison, and three counts of possession of stolen property in November 1996 and sentenced to three years in prison.

under oath to all of the allegations contained in the indictment, including the prior felonies. Since they were listed in the indictment, McCoy also had sufficient notice. As such, the prosecutor did not need to provide a pen-pack – McCoy's admission to his prior convictions at the plea hearing was sufficient.

¶14. Relatedly, McCoy argues that the circuit court improperly amended his indictment to the lesser habitual enhancement of section 99-19-81 without a pen-pack. For the same reasons stated above, this argument is without merit. No pen-pack is needed when McCoy admitted to his prior convictions at the plea hearing.

¶15. McCoy further complains that his sentence as a habitual offender for twenty-five years without the possibility of early release or parole violates the Eighth Amendment of the United States Constitution, as it is "cruel and unusual." However, as previously noted, the circuit court granted an amendment to McCoy's indictment to lessen his habitual status from section 99-19-83, which requires life in prison, to the less-harsh enhancement of section 99-19-81, because McCoy agreed to a blind plea. The circuit judge told McCoy at sentencing: "[I]f there ever was an habitual, you are one of them." Even so, he gave McCoy the lesser habitual enhancement. We cannot find the judge abused his discretion in doing so. These arguments are without merit.

### B. Defective Indictment

¶16. McCoy argues that his indictment is invalid because it failed to state "against the peace and dignity of the state" as required under Rule 7.06(7). As noted above, this Court has not been provided the entire indictment in the record, but only the first two pages. The

7

record is thus insufficient for us to accept McCoy's representations.[3] Further, if such an error existed, it would be harmless, because "a valid guilty plea admits all elements of a formal charge and operates as a waiver of all non-jurisdictional defects contained in an indictment or information against a defendant." *Kennedy v. State*, 179 So. 3d 82, 84 (¶9) (Miss. Ct. App. 2015) (citation omitted). This Court has held that an indictment's failure to conclude with the words "against the peace and dignity of the State" is a defect waived by a guilty plea. *Burch v. State*, 929 So. 2d 394, 397 (¶9) (Miss. Ct. App. 2006) (citing *Ramage v. State*, 914 So. 2d 274, 278 (¶10) (Miss. Ct. App. 2005)). Therefore, McCoy's guilty plea waived this issue.

## CONCLUSION

¶17.    The circuit court did not abuse its discretion in dismissing McCoy's PCR motion because it was successive. Further, no statutory exceptions under section 99-39-23(6) applied. Finally, McCoy's substantive arguments regarding his sentencing and indictment are without merit. Accordingly, we affirm the circuit court's dismissal.

¶18. **THE JUDGMENT OF THE CIRCUIT COURT OF LINCOLN COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LINCOLN COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**

---

[3] The State attached to its brief McCoy's entire indictment and plea agreement. However, we cannot consider these documents as no motion was made to supplement the record under Mississippi Rule of Appellate Procedure 10(e).