# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CA-00921-COA

## CONSOLIDATED WITH

## NO. 2012-KA-01416-COA

**TRAVIS CARDELL BROWN A/K/A TRAVIS BROWN**        **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**        **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/01/2023 |
| TRIAL JUDGE: | HON. ROBERT B. HELFRICH |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ANITA M. STAMPS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JULIANNE KAY BAILEY |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 03/25/2025 |
| MOTION FOR REHEARING FILED: | |

**BEFORE WILSON, P.J., McDONALD AND LAWRENCE, JJ.**

**LAWRENCE, J., FOR THE COURT:**

¶1. The Circuit Court of Forest County, Mississippi, denied Travis Brown's request for post-conviction relief (PCR) as time-barred and summarily dismissed his petition pursuant to Mississippi Code Annotated section 99-39-11(2) (Rev. 2020). He now appeals.

## FACTS AND PROCEDURAL HISTORY

¶2. On June 29, 2012, Travis Brown was convicted of three counts of aggravated assault in the Circuit Court of Forrest County, Mississippi. He was sentenced to serve twenty years in the custody of the Mississippi Department of Correction on each count, with the terms set

to run consecutively. On August 31, 2012, Brown appealed his conviction but did not file an appellant's brief, which resulted in the dismissal of his appeal. Over a year after Brown's appeal was dismissed, he attempted to reinstate the appeal by motion in December 2014, which this Court denied due to its untimeliness.

¶3.     On July 9, 2019, Brown filed a PCR petition with the Mississippi Supreme Court, which was dismissed without prejudice for lack of jurisdiction. On March 23, 2020, Brown filed a PCR petition in the Forest County Circuit Court, which was dismissed as time-barred. He appeals and argues that the circuit court erred in summarily dismissing his PCR petition without an evidentiary hearing.[1]

## STANDARD OF REVIEW

¶4.     "When reviewing a lower court's decision to deny a petition for post-conviction relief this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous." *Brown v. State*, 731 So. 2d 595, 598 (¶6) (Miss. 1999) (citing *Bank of Miss. v. S. Mem'l Park Inc.*, 677 So. 2d 186, 191 (Miss. 1996)). When issues of law are raised, we apply a de novo review. *Rice v. State*, 910 So. 2d 1163, 1164-65 (¶4) (Miss. Ct. App. 2005) (citing *Brown*, 731 So. 2d at 598 (¶6)).

## ANALYSIS

¶5.     Brown has appealed the dismissal of his PCR petition and presents three distinct issues: (1) the matter involves a fundamental constitutional right; (2) the PCR petition presented evidence not reasonably discoverable at trial; and (3) the Mississippi Supreme

---

[1] We consolidated this appeal with Brown's direct appeal (No. 2021-KA-01416-COA) for record purposes only.

Court granted him leave to file his PCR petition in the circuit court.

¶6.     Under Mississippi Code Annotated section 99-39-5(2) (Rev. 2020), a PCR petition must be filed "within three (3) years after the time in which the petitioner's direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired[.]" The Mississippi Supreme Court has held that an untimely PCR petition is barred if it is filed beyond the three-year time period unless the claim fits within one of the express statutory exceptions. *Howell v. State*, 358 So. 3d 613, 615-16 (¶¶8, 12) (Miss. 2023). The statutory exceptions to the three-year time-bar include (1) an intervening decision of the Mississippi Supreme Court or United States Supreme Court that "would have actually adversely affected the outcome of his conviction or sentence"; (2) newly discovered evidence that is "of such nature that it would be practically conclusive" that it would have caused a different outcome if introduced at trial; (3) the testing of certain biological evidence; (4) claims that the petitioner's "sentence has expired[,] or his probation, parole or conditional release has been unlawfully revoked"; and (5) certain motions for relief in cases where the death penalty is imposed. Miss. Code Ann. §§ 99-39-5(2), 99-39-23(6) (Rev. 2020). The "judicially crafted" fundamental-rights exception no longer exists after the Supreme Court held that "[t]he statute of limitations is a substantive, legislatively enacted law and not procedural," and we "cannot lawfully amend or ignore constitutionally sound law enacted by the Legislature[.]" *Howell*, 358 So. 3d at 615-16 (¶¶8-12) ("[T]he judicial branch of government . . . should not place ourselves in the position of changing the substantive law

enacted by the Legislature." (quoting *Little v. Miss. Dep't of Transp.*, 129 So 3d 132, 138 (¶12) (Miss. 2013))). Likewise, a claim of ineffective assistance of counsel (a constitutional right) is not an exception to the statutory time-bar. *See Howell*, 358 So. 3d at 615 (¶7).

¶7.     Brown was convicted on June 29, 2012. He filed his PCR petition over seven years later on July 9, 2019. Therefore, his PCR petition was filed after the three-year time-bar pursuant to section 99-39-5(2). Brown argues that his PCR petition was excepted from the time-bar for multiple reasons.

## I.     Ineffective Assistance of Counsel

¶8.     First, Brown argued that he received ineffective assistance of counsel and that his claim was subject to the fundamental-rights exception to the three-year time-bar. However, as addressed earlier, alleging a violation of a constitutional right no longer provides an exception to the three-year time-bar. *Howell*, 358 So. 3d at 615 (¶¶8-10). Thus, this argument is without merit, and Brown's PCR petition was not excepted from the time-bar.

## II.     Newly Discovered Evidence

¶9.     Brown also argues that his PCR petition was exempt from the time-bar because he presented evidence not reasonably discoverable at trial. This exception applies when the petitioner can show "that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence." Miss. Code Ann. § 99-39-5(2)(a)(i). The evidence must be "both newly discovered and material to the outcome of his convictions." *McCoy v. State*, 111 So. 3d 673, 676 (¶8) (Miss. Ct. App.

4

2012). Brown must show that (1) the new evidence was discovered after the trial; (2) it could not by due diligence have been discovered before trial; (3) it is material to the issue and not merely cumulative or impeaching; and (4) it would probably produce a different result or verdict in the new trial. *Crawford v. State*, 867 So. 2d 196, 203-04 (¶9) (Miss. 2003).

¶10.    The Mississippi Court of Appeals ruled on a similar issue in *Mangum v. State*, 333 So. 3d 634, 638 (¶18) (Miss. Ct. App. 2022). In that case, Mangum attached affidavits from his two sisters and his mother. *Id.* at (¶17). Mangum's two sisters stated in their affidavits that the victim beat one of them with a piece of wood and attempted to strike Mangum. *Id.* In an effort to protect her and himself from the victim, Mangum shot the victim. *Id.* The court held that the three affiants were known to Mangum at the time of his arrest and his guilty plea. *Id.* at (¶19). Furthermore, the court stated that since the evidence could have been reasonably discovered at the time of his guilty plea, Mangum's PCR petition was not excepted from the statutory bars on the basis of newly discovered evidence. *Id.*

¶11.    Similarly here, Brown presented two eyewitnesses testifying by affidavits that he was not the perpetrator of the crime. The first affidavit was by Christopher Sansom, the security guard at the nightclub where the crime occurred. Sansom testified Brown was "nowhere near the altercation," and "[t]here was absolutely no way" Brown committed the crime. The second affidavit was by Kendrick Barnes. He testified that he saw two individuals running away from the crime, and he was "sure that it was not [Brown]." Barnes explained that he "would have [come] forward with this information sooner, but [he] was unaware Travis Brown had been charged with the shooting until after the sentencing." Like *Mangum*, Brown

5

failed to prove that the testimonies by these affidavits were not reasonably discoverable at the time of trial. The security guard, Sansom, was employed at the nightclub where the crime occurred. In his affidavit, he indicated he was on duty at that nightclub on the night of the crime. It is inconceivable how Brown could not discover the identity of the person charged with securing the place where the crime occurred. Yet Brown has offered no explanation as to why he could not have discovered Sansom's identity or called him as a witness to use his testimony.

¶12.   Furthermore, Barnes stated that he did not come forward with the information sooner because he was unaware that Brown had been charged with the crime. However, Brown has offered no evidence proving why he could not locate the eyewitness, that he was unable to find Barnes prior to the trial, or whether "by due diligence" Barnes's identity could be discovered before trial. As such, Brown has not satisfied the requirement to prove that the evidence was not reasonably discoverable at the time of trial.

¶13.   Even if Brown could prove that the evidence was not reasonably discoverable at the time of trial, he did not prove that the affiants' "new" evidence "would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence." Miss. Code Ann. § 99-39-5(2)(a)(i). Further, Brown did not prove that the "new" evidence  would "probably produce a different result or verdict [in a] new trial." *Crawford*, 867 So. 2d at 204 (¶50). At trial, eyewitness Tenekia Payne identified Brown as the shooter. Furthermore, the jury was shown the surveillance video that corroborated Payne's testimony. Therefore, the affiants' testimonies were nowhere close to

6

being practically conclusive.

### III. Supreme Court's Order of Dismissal

¶14. Lastly, Brown claims his petition was not time-barred because, in his view, the "Supreme Court allowed him to file such petition in the Circuit Court." However, the Supreme Court did not address the issue of timeliness in its order. Instead, the three-justice panel merely recognized that since Brown had not pursued his direct appeal, the Court did "not have jurisdiction to hear Brown's petition." Order, *Brown v. State*, No. 2019-M-01106 (Miss. Dec. 19, 2019). The order dismissed Brown's PCR filing "without prejudice to be filed in the trial court." *Id.*; *see generally* Miss. Code Ann. § 99-39-7 (Rev. 2020) (declaring that when there is no direct appeal, a PCR petition "shall be filed as an original civil action in the trial court").

¶15. Therefore, the Order did not allow Brown to file what was clearly an untimely request for PCR; instead, the Supreme Court observed that our appellate courts had not made a final determination on the merits of his direct appeal, which had been dismissed for Brown's failure to file an appellant's brief, and he would be allowed to re-file his PCR petition in the circuit court. Even using Brown's original date of filing in the Supreme Court (July 9, 2019), he filed multiple years past the three-year deadline.

¶16. Brown's PCR petition was statutorily time-barred, and he did not present a valid exception. Accordingly, we find no error in the trial court's dismissal of Brown's PCR petition.

¶17. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, McCARTY, EMFINGER, WEDDLE AND ST. PÉ, JJ., CONCUR.**