# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-KA-01802-COA

SIRDARIOUS SHERIFF A/K/A SIRDAROUS SHERIFF A/K/A SADAROUS SHERIFF

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 03/07/2013 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN III |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: GEORGE T. HOLMES ERIN ELIZABETH PRIDGEN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SAMSON MABRY IV |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF POSSESSION OF STOLEN PROPERTY AND SENTENCED TO TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS |
| DISPOSITION: | AFFIRMED: 10/07/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., MAXWELL AND FAIR, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1.     Sirdarius Sheriff was convicted of possession of stolen property.  In this appeal, Sheriff claims it was error for the trial court to instruct the jury that his evasion from police could be considered as evidence of guilt.  We find no error and affirm.

¶2.     On April 18, 2012, Officer Brandon Duckworth was informed of a possible stolen

vehicle in the area. When he saw the described vehicle, Officer Duckworth turned on his blue lights to initiate a stop. The vehicle pulled into a gas-station parking lot.

¶3. The video from Officer Duckworth's police car showed the vehicle slow down and then accelerate out of the parking lot. Officer Duckworth followed the vehicle. It then stopped in a neighborhood. The driver and two passengers got out of the vehicle and fled. Officer Duckworth apprehended Zachary Bracey, a passenger. Bracey told Officer Duckworth that the others were Rahime Williams and a person named "Joshua," who was later identified as Sheriff.

¶4. Sheriff was taken into custody. Detective Bradley Turner advised Sheriff of his rights. Sheriff waived his *Miranda* rights and verbally admitted that he knew the vehicle was stolen, but stated that he did not steal it. This information was not included in Sheriff's written statement.

¶5. After his conviction by a jury, Sheriff was sentenced to serve ten years in the custody of the Mississippi Department of Corrections. Sheriff now appeals his conviction.

¶6. Sheriff argues that the trial court erred when it allowed a flight instruction, because his flight from police was explained. Alternatively, Sheriff claims that the probative value of evidence of his flight is outweighed by the danger of unfair prejudice. The State argues that Sheriff's evasion from police was unexplained, and thus, the jury instruction was proper.

¶7. This Court reviews the giving or refusal of a jury instruction for an abuse of discretion. *Victory v. State*, 83 So. 3d 370, 373 (¶ 12) (Miss. 2012). "Whether to give a jury instruction is within the sound discretion of the trial court." *Chamberlin v. State*, 989 So. 2d

2

320, 341-42 (¶80) (Miss. 2008). This Court reviews the jury instructions given as a whole to determine whether the refusal of a particular instruction was in error. *Taylor v. State*, 763 So. 2d 913, 915 (¶8) (Miss. Ct. App. 2000). If the instructions fairly state the law of the case and no injustice is created, no reversible error will be found. *Id.*

¶8. Jury instruction S-4 provided:

> The Court instructs the jury that flight is a circumstance from which guilty knowledge and fear may be inferred. If you believe from the evidence in this case beyond a reasonable doubt that the defendant, Sirdarious Sheriff, did flee or go into hiding, such flight or hiding is to be considered in connection with all other events in this case. You will determine from all the facts whether such flight or hiding was from a conscious sense of guilt of possession of stolen property or whether it was caused by other things and give it such weight as you think it is entitled to in determining the guilt or innocence of Sirdarious Sheriff.

Sheriff objected to instruction S-4's introduction, but the court allowed it.

¶9. In *Shaw v. State*, 915 So. 2d 442, 447 (¶18) (Miss. 2005), the Mississippi Supreme Court considered a similar instruction, and stated:

> We have consistently held that a defendant's flight is admissible as evidence of consciousness of guilt. However, a flight instruction is appropriate only where the flight is unexplained and somehow probative of guilt or guilty knowledge. Therefore, evidence of flight is inadmissible where there is an independent reason for the flight. Also, it is well settled that evidence of flight or escape is admissible as an exception to Mississippi Rule of Evidence 404(b) in order to show guilty knowledge. While evidence of flight is admissible under Rule 404(b), it must be filtered through Mississippi Rule of Evidence 403.

(Internal citations omitted). The court held that "in determining whether to admit evidence of flight under Rule 403, the trial court is afforded great discretion." *Id.*

¶10. Evidence of guilt is admissible to show an accused's consciousness of guilt. *Fuselier*

3

*v. State*, 702 So. 2d 388, 390 (¶4) (Miss. 1997). There are two criteria for the court to consider when determining whether a flight instruction is appropriate: "(1) [o]nly unexplained flight merits a flight instruction; and (2) [f]light instructions are to be given only in cases where that circumstance has considerable probative value." *Banks v. State*, 631 So. 2d 748, 751 (Miss. 1994) (citing *Pannell v. State*, 455 So. 2d 785, 788 (Miss. 1984)). "Any explanation given in an effort to show an independent reason for flight must not be contradicted by other evidence presented at trial." *Saunders v. State*, 63 So. 3d 554, 574 (¶66) (Miss. Ct. App. 2010) (citing *Shumpert v. State*, 935 So. 2d 962, 969-70 (¶¶25-28) (Miss. 2006)).

¶11.    Sheriff testified and explained that he fled because there was a warrant out for his arrest for another crime. Those charges, however, were dropped. Sheriff asserts that he did not know the vehicle was stolen when he ran from police. Sheriff's written statement to police provided:

> We came to Brandon, [Mississippi], and when we came off the interstate, the police [officer] turned his lights on, and we turned right and pulled over 'cause we thought they were trying to get around, but they pulled behind us. [I] pulled to the store and they followed. So someone in the car said we're going to get caught right here, so I pulled off and went to Crossgates [neighborhood] and jumped out of the car and ran through some woods.

Sheriff testified and maintained that the reason he fled from police was that there was an arrest warrant out for him, and he panicked.

¶12.    Detective Turner testified that Sheriff told him after he was arrested that he knew the vehicle was stolen but that he did not steal it.

4

¶13. The trial judge was within his discretion to give the flight instruction. Sheriff testified as to a reason for his flight, but that reason was contradicted by Detective Turner's testimony about Sheriff's knowledge of the stolen vehicle. We find that there was evidence to support the trial court's finding that Sheriff's flight was not explained by any reason other than consciousness of guilt. Therefore, the trial court did not abuse its discretion.

¶14. **THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF STOLEN PROPERTY AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.**

**LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**