WALLER, Chief Justice,
for the Court:
¶ 1. A Quitman County jury found Anthony Windless guilty of capital murder, and Windless was sentenced to imprisonment for life without the possibility of parole. Windless appeals his conviction, arguing that the trial court erred in instructing the jury and that he received ineffective assistance of counsel. Finding no error, we affirm.
FACTS & PROCEDURAL HISTORY
¶ 2. On February -26, 2011, Charles Presley drove from his home in Sledge, Mississippi, to Batesville to have lunch with his son. After lunch, Presley’s son withdrew $100 from his bank account and gave the money to Presley‘so he could make an insurance payment. Presley then returned to his home. Later that afternoon, Presley’s sister Charlie Mae Aaron, who lived next door to Presley, noticed that his car was in his driveway. She attempted to contact him by phone but got a busy signal.
¶ 3. Charlie Mae called Presley’s home phone and cell phone again early the next morning and received no answer. She then called her son Craig Aaron, who lived a few blocks away, to chéck on Presley. When Craig arrived at Presley’s home he knocked on the door, but no one answered. Charlie Mae retrieved her key to Presley’s home and brought it to Craig. When they entered Presley’s home, they found Presley unresponsive and bloody on the floor, so they ran back to Charlie Mae’s house and called the police.
¶ 4. Investigator Kristopher Wingert with the Mississippi Bureau of Investigation was part of the team that performed the initial examination of the crime scene. Investigator Wingert found a broken window on the back side of Presley’s home. He also noticed that the back door to the home was' ajar. Inside the home, Wingert found Presley’s body on the floor of his bedroom. The house was in disarray, and heavy blood spatter surrounded Presley.
¶ 5. The police developed Anthony Windless as a suspect in Presley’s' death based on his. involvement in a prior similar crime and the fact that he lived near Presley. Investigators then went to. Craig’s *959 house, where Windless lived. Craig is also Windless's stepfather. When they arrived, Craig met them in the driveway and gave them one of his jackets that Windless had worn the day before. The jacket had blood on it, which was determined to be Presley’s through DNA-testing. A bloody flashlight, a CD player, and a ski mask also were found in a garbage can outside of Windless’s cousin’s home, about a block away from Presley’s home. The blood on the flashlight was matched to Presley,, as well. -Forensic analysts.with the Mississippi Crime . Laboratory later identified Windless’s .fingerprints throughout the crime scene. . ,
¶ 6. After receiving this evidence, the police arrested Windless. He initially denied having any involvement in the crime. However, after agreeing to take a polygraph test, Windless told investigators that he had been involved in Presley’s death.[1] Windless broke into Presley’s home and was ransacking the place looking for valuable items when Presley returned home. Windless grabbed a large flashlight from the bar in Presley’s home and hid behind the front door. As Presley entered the front door, Windless struck him on the head with the flashlight. Windless struck Presley a total of twenty-three times with the flashlight, ultimately killing him. Windless then took the cash that Presley had withdrawn at the bank, as well as some jewelry, a CD player, and the flashlight, and fled the scene. The flashlight found at Windless’s cousin’s home was identified as the murder weapon.
¶7. Windless was indicted for capital murder with the underlying felony of burglary. Trial commenced on March 10, 2014. At the conclusion of Windless’s trial, the jury was given the following instruction on the elements of capital murder and the underlying felony of burglary:
The defendant, ANTHONY WINDLESS, is charged by indictment with the crime of-Capital murder.
Capital Murder
If you find from the evidence in this case beyond a reasonable doubt that:
1. On or about or between February 26, 2011, and February 27, 2011, Charles Presley,’ Jr. was a living human being, and
2. the defendant, Anthony Windless, in Quitman County, Mississippi, individually or while aiding and abetting and/or acting in concert with another, did unlawfully, wilfully and feloniously, without authority of .law, and with or without the deliberate design to effect death, kill and murder Charles Presley, Jr.,
3. while engaged in the crime of burglary of a dwelling, .
then you shall find the defendant guilty of Capital Murder. As indicated, a verdict of capital, murder requires that you find beyond a reasonable doubt that the defendant was engaged in the crime of burglary of a dwelling at the .time of the alleged murder.
To find that the defendant was engaged in the. crime of burglary of a dwelling at the time of the alleged murder, you must find beyond a reasonable doubt that:
1. On or about or between February 26,2011, and February 27, 2011, the defendant,. Anthony Windless, in Quitman County, Mississippi, individually or whüe aiding and abetting and/or acting in concert with another, did unlawfully, wilfully and *960 feloniously, break and enter the dwelling house of Charles Presley, Jr. [l]ocated at .251, Gin Street in Sledge, Mississippi, and
2. said breaking and entering, was done with the intent to commit the crime of larceny
If the State has failed to prove beyond a reasonable doubt any one or more of the elements of Capital Murder, including the charge of burglary of a dwelling, then you shall find the defendant not guilty of Capital Murder and you shall proceed to determine if the State has proved beyond a reasonable doubt that the defendant is guilty of the murder of Charles Presley, Jr. The distinction, or difference, between the crime of Capital Murder and the crime of Murder is the inclusion of the allegation of burglary of a dwelling.
Windless’s attorney did not object to this instruction. The jury "found Windless guilty of capital murder, and the trial court sentenced him to life imprisonment without the possibility of parole. Following the denial of his post-trial motions, Windless timely appealed his conviction to this Court, arguing that the trial court had erred in failing to instruct the jury on the elements of larceny as the “underlying offense”' of burglary, and that he had received ineffective assistance of counsel.
DISCUSSION
I. Whether the trial court erred in failing to instruct the jury on the elements bf larceny as the “underlying offense” of burglary.
¶ 8. This Court reviews the grant or denial of jury instructions for an abuse of discretion. Victory v. State, 83 So.3d 370, 373 (Miss.2012) (citing Newell v. State, 49 So.3d 66, 73 (Miss.2010)). “When jury instructions are challenged on appeal, we do not review them in isolation; rather, ‘we read them as a whole to determine if the jury was properly instructed.’ ” Rubenstein v. State, 941 So.2d 735, 787 (Miss.2006) (quoting Milano v. State, 790 So.2d 179, 184 (Miss.2001)). If the jury instructions, read as a whole, fairly announce the law of the case and create no injustice, no reversible error will be found. Harris v. State, 861 So.2d 1003, 1014 (Miss.2003).
¶ 9. In this case, the jury was instructed on the essential elements of both the principal offense of capital murder and the underlying felony of burglary, as our law requires. See Hunter v. State, 684 So.2d 625, 636 (Miss.1996)." In’ addition, the jury instructions specifically identified larceny as the crime Windless intended to commit vis-vis the burglary. See Daniels v. State, 107 So.3d 961, 964 (Miss.2013) (finding that the jury was not instructed properly on the elements of burglary, where the jury instructions failed to indicate the specific crime-which the defendant intended to commit). Relying on Harrell v. State, 134 So.3d 266 (Miss.2014), Windless argues that the trial court also was required instruct the jury on the elements of the intended crime of larceny. He refers to larceny as “the underlying offense of burglary.” In Harrell, the defendant was charged with capital murder with the underlying felony of robbery, but the jury was not instructed on the elements of robbery. Id. at 269. On appeal, this Court held that the failure to instruct the jury on every element of the crime with which the defendant is charged constitutes per se reversible error and is not subject to the procedural bar. Id. at 275. Importantly, this Court also declined to apply the harmless-error analysis to the defendant’s claim, finding that doing so would deprive the defendant of his right to a trial by jury. Id. at 275.
¶ 10. We find that Harrell is not implicated in the instant case. The ele *961 ments of burglary are (1) “breaking and entering the dwelling house or inner door of such dwelling house of another” (2) “with the intent to commit some crime therein[,]” and Windless’s jury was instructed as such. Miss.Code Ann. § 97-17-28(1) (Rev.2014). But this Court has explained that the elements of the crime which the defendant intended to commit are not elements of burglary. Daniels, 107 So.3d at 964. Thus, the State is not' required “to prove each .element of the ‘intended crime’ with the same particularity as is required when a defendant is charged only with the crime intended.” Newburn v. State, 205 So.2d 260, 266 (Miss.1967). This is because burglary “does not contain two separate and distinct ‘subcrimes,”’ as does capital felony murder. Booker v. State, 716 So.2d 1064, 1067-68 (Miss.1998). “Rather, the intent to commit some crime, be it a felony or,a misdemeanor, is simply an element of the crime of burglary.” Id. at 1068 (emphasis added). “Only the intent need be proven to establish the second element of the crime of burglary.” Moore v. State, 344 So.2d 731, 735 (Miss.1977). Simply put, Harrell does not mandate reversal here because the elements of larceny are not elements of the crime with which Windless was charged. Contrary to Windless’s argument, the, crime of burglary does not have an “underlying offense” within the meaning of Harrell.
¶ 11. Justice Coleman argues that Conner v. State, 138 So.3d 143 (Miss.2014), requires reversal in this case. However, the Conner Court should have reviewed the defendant’s claim only for plain error, as he failed to object to the instruction at issue during trial; instead, the Court erroneously relied on Harrell to hold that the defendant’s claim was not procedurally barred.[2] Id. Even so, the Conner Court recognized that the jury instruction given in that case, like the one in this case, complied with our precedent governing burglary instructions by identifying a specific intended crime. Id. Because we have determined that Harrell does not apply to this case, Windless waived his right to appeal this issue by failing to object at trial, and we can review his claim only for plain error. See Smith v. State, 835 So.2d 927, 939 (Miss.2002) (citing Walker v. State, 729 So.2d 197, 202 (Miss.1998)) (“This Court has held on numerous occasions that an offended party’s failure to object to jury instructions at trial procedurally bars the issue on appeal”); Brown v. State, 995 So.2d 698, 704 (Miss.2008) .(“Any assignment of error otherwise procedurally barred is appealable only when the trial court employed plain error.”). The plain-error doctrine, requires the finding of not only an error, but one that resulted in a “miscarriage of justice” affecting the defendant’s fundamental rights. Gray v. State, 549 So.2d 1316, 1321 (Miss. *962 1989). We do not find that such an error occurred here. This Court has held that larceny is commonly understood to connote stealing or theft. Conner v. State, 138 So.3d 143, 150 (Miss.2014) (citing Commonwealth v. Lawrence, 11 Mass.App.Ct. 990, 418 N.E.2d 629, 631 (1981)). The State submitted sufficient evidence for the jury to find that Windless feloniously broke into and entered the victim’s house with- the intent to steal. See Butler v. State, 217 So.2d 3, 4 (Miss.1968) (“Criminal intent may be proved. by circumstantial evidence, and may be inferred from the time and the manner in which the entry was made, and the conduct of the accused after the entry”). The fact that there are two,statutory categories of larceny is of no import, as the burglary statute simply requires the intent to commit “some crime therein[.]” Miss.Code Ann, § 97-17-23(1) (Rev.2014). See Ashley v. State, 538 So.2d 1181, 1184 (Miss.1989) (“[T]he word ‘crime’ in our burglary statutes includes misdemeanors as well as felonies.”).
¶ 12. Accordingly, since the jury instructions fairly informed the jury of the rules of law applicable to this case, we find this issue to be without merit.
II. Whether Windless received ineffective assistance of counsel.
¶ 13. “[T]he benchmark for judging'any claim of ineffectiveness must be whether counsel’s conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.” Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This Court employs the two-pronged' test announced in Strickland to determine whether a criminal defendant has received ineffective assistance of counsel. First, the defendant must demonstrate 'that his counsel’s performance was deficient. Ransom v. State, 919 So.2d 887, 889-90 (Miss.2005). To do so, the defendant’s proof must overcome the strong presumption that “counsel’s conduct falls within the wide range of reasonable professional assistance[.]” Stringer v. State, 454 So.2d 468, 477 (Miss.1984) (quoting Strickland, 466 U.S. at 689, 104 S.Ct. 2052). “Then, to determine the second prong of prejudice to the defense, the standard is ‘a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.’ ” Foster v. State, 687 So.2d 1124, 1130 (Miss.1996) (citing Mohr v. State, 584 So.2d 426, 430 (Miss.1991)).
¶ 14. Ordinarily, a claim of ineffective assistance of trial counsel is more appropriately brought during post-conviction proceedings, rather than on direct appeal, because “there- may be instances in which Insufficient evidence exists within the record to address the claim adequately.” Archer v. State, 986 So.2d 951, 955 (Miss.2008) (citing Wilcher v. State, 863 So.2d 776, 825 (Miss.2003)). However, this Court may review á claim of ineffectiveness on' direct appeal “if the issues presented are based on facts fully apparent from the record.” Id. See also Miss. R.App. P. 22(b). Windless alleges that his claim meets ’the above standard, and he raises four instances of alleged deficient performance. Windless claims that his attorney (1) failed to present an opening statement, (2) failed to object to the State’s jury instructions, (3) elicited prejudicial testimony concerning his polygraph examination, and (4) elicited prejudicial testimony concerning his criminal record. We find that these claims would be more appropriately presented -in a petition for post-conviction relief. Accordingly, we dismiss Windless’s ineffective-assistance claim without prejudice.
*963 CONCLUSION
¶ 15. For the foregoing reasons, we affirm Windless’s conviction and sentence.
¶ 16. CONVICTION OF CAPITAL MURDER AND SENTENCE OF LIFE IMPRISONMENT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT ELIGIBILITY FOR PAROLE, AFFIRMED. SENTENCE SHALL RUN CONSECUTIVELY WITH ANY AND ALL SENTENCES PREVIOUSLY IMPOSED.
RANDOLPH, P.J., LAMAR AND . PIERCE, JJ., CONCUR. CHANDLER, J., CONCURS IN PART AND IN RESULT WITH SEPARATE WRITTEN OPINION. DICKINSON, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS AND KIÍSTG, JJ. COLEMAN, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY DICKINSON, P. j.

. The cases cited by Justice Coleman to refute the application of the procedural bar are in-apposite, as each of those cases deals with the trial court’s failure to instruct the jury on an essential element of the charged offense, an issue not present in Conner or the instant case. See Kolberg, 829 So.2d 29, 51-52 (Miss.2002), overruled on other grounds by Harrell, 134 So.3d 266 (Miss.2014) (finding that the trial court erred in failing to instruct the jury on the elements of the underlying felony of felonious child abuse in a capital-murder case, but finding such error to be harmless beyond a reasonable doubt); Shaffer v. State, 740 So.2d 273, 282 (Miss.1998) (finding that the trial court committed reversible error by failing to instruct the jury on the elements of the underlying felony of sexual battery in a capital-murder case, and in failing to instruct the jury on an element of depraved-heart murder); Hunter v. State, 684 So.2d 625, 636 (Mis.1996) (finding that the trial court.committed reversible error in failing to instruct the jury on the underlying felony of robbery in a- capital-murder case).