DICKINSON, Presiding Justice,
concurring in result only:
¶ 32. The jury convicted Quinn of capital murder, which, in this case, required the jury to find beyond a reasonable doubt that he broke and entered a- dwelling with the intent to commit an assault. Although I believe the trial judge erred by. failing to provide the jury with any information about, or explanation 'of, what is required for the crime of assault, I find the error is not reversible for two reasons.
¶ 33. First, as the majority points out, Quinn failed to preserve the error in the trial court, requiring him to establish plain error. Under the facts of this case, the jury could not have been misled, so there was no manifest miscarriage of justice and no plain error.[10] And, second, even if the error had been preserved, I would — for the same reason — find that it was harmless beyond a reasonable doubt.
¶ 34. My'disagreement with today’s'majority centers around its perpetúation of the mistake this Court' made in Windless v..State, a burglary case wherein.a majority. of this Court approved a trial judge’s failure to instruct the jury on the meaning of larceny, which, according to the prosecution, was the intended crime.[11] Citing the Windless decision, the majority states:
Our caselaw holds that only the intent to commit some crime need be proven in order to establish the second element of burglary — the State need not also prove the elements of that intended crime.[12]
¶ 35. To be clear, I did not suggest in Windless, and I do not suggest here, that -the State- must -prove the elements of the intended crime. I do, however, believe the State should be required to prove the accused intended to commit the elements of the intended crime. And while the majority correctly observes that the facts of this case would fall under the general understanding of the meaning of an assault, arid that Quinn’s actions qualify under any definition, cases may not always be so simple.
¶ 36. The majority finds “that ‘assault’ is commonly understood to mean causing or attempting to cause bodily injury to another.”[13] This definition is incomplete and does riot take into account that a person may intend to commit an assault without any intent to cause, or attempt to cause, bodily injury to another.[14] Using the majority’s definition, a jury would return a “not guilty” verdict for a person *1236 who breaks and enters a dwelling with the intent to frighten, but not harm, a person therein. But, had the jury properly been instructed as to the elements of an assault, it would have returned a “guilty” verdict.
¶ 37. The intended crime in a burglary can be any crime under state or federal law, and the majority fails to recognize that there is no general understanding of the meaning of many crimes.[15] For instance, I do not believe we safely can say the general public understands the elements of misprision of felony.[16] And I doubt that most lawyers or judges, without reference to the statute, could state the requirements for statutory rape.[17] Nor do I believe most people understand what is required to violate the malicious mischief statute,[18] or many of the more than 1,000 federal statutory crimes.[19]
¶ 38. So my concern with today’s majority, as well as the majority in Windless, is this Court’s blanket rule in burglary cases, that the trial court only need advise the jury of the name of the crime the accused intended to commit, with no duty to explain the elements or requirements for the intended crime. For this reason, I respectfully concur in result only.
KITCHENS and KING, JJ„ JOIN THIS OPINION.

. Morgan v. State, 793 So.2d 615, 617 (Miss.2001) (citing Gray v. State, 549 So.2d 1316, 1321 (Miss.1989); Kuehne & Nagel (AG & Co.) v. Geosource, Inc., 874 F.2d 283, 292 (5th Cir.1989)).

. Windless v. State, 185 So.3d 956 (Miss.2015).

. Maj. at ¶ 24.

. Maj. at ¶ 25.

. Miss.Code Ann. § 97 — 3—7(l)(a) (Supp. 2015) ("A person is guilty' of simple assault if he .'.: attempts by physical menace to put another in feár of imminent serious bodily harm.”).

. Miss.Code Ann. § 97-17-23 (Rev.2014) (“Every person who shall be convicted ,of breaking and entering the dwelling house or inner door of such dwelling house of another ... with intent to commit some crime therein....”).

. 18 U.S.C. § 4.'

. Miss.Code Ann. §. 97-3-65 (Rev.2014).

. Miss.Code Ann. § 97-17-67 (Rev.2014).

. 18 U.S.C. §§ 1, etseq.