KING, Justice,
dissenting:
¶ 17. Because I believe that the jury should have been instructed on the elements of the underlying offense of larceny in order to find that White had the requisite intent, I respectfully, dissent.
¶ 18. The crime of burglary of a dwelling is committed by “breaking and entering the dwelling house or inner door of such dwelling house of another ... with intent to commit some crime therein[.]” Miss.Code Ann. § 97-17-23(1) (Rev.2014). The jury must be instructed as to some *770 specific crime that the State alleges the defendant intended to commit. Daniels v. State, 107 So.3d 961, 964 (Miss.2013). It is true that the State does not have to prove every element of the' intended crime to prove burglary. Id. However, in order to prove that a defendant intended to commit a specific crime, the jury must have some lodestar by which it can navigate in order to ascertain what that intended crime entails. Ideally, that lodestar consists of an instruction describing the elements of the intended crime.
¶ 19. In Conner, this Court found that trial courts •“should instruct the jury on the elements of the intended crime in a burglary trial.” Conner v. State, 138 So.3d 143, 150 (Miss.2014) (emphasis added). However, the Court noted that jury instructions must fairly, but not perfectly, instruct the jury on the applicable law. Id. In addition to a burglary instruction that failed to list the elements of larceny, the trial court in Conner gave an instruction that “[a]n inference of the intent to steal may arise from proof of the breaking and entering.” Id. at 149. Because the Court deemed that an intent to commit larceny (an element of burglary) was similar to the intent to steal on which the jury was explicitly instructed, the Court found that the jury was fairly instructed on the applicable law. Id. at 149-50.
¶20. In the case at hand, the jury instructions informed the jury that it should find White guilty of burglary if he broke and entered the Inman’s house with the intent to commit larceny or assault. White was also charged with, and the jury was separately instructed on, aggravated assault. Because the jury instructions contained every element of aggravated assault, the-jury was fairly informed regarding the applicable law of assault, pursuant to. our holding in Conner, and could thus fairly ascertain whether White possessed the requisite intent to assault required for a burglary conviction. However, the jury was not instructed, on the elements of larceny, nor was any sort .of “intent to steal” instruction given. Unlike in Conner, the jury in this case had utterly no basis upon which to determine whether White intended to commit larceny. In this case, the Court of Appeals relied on, and the majority does not repudiate, the idea that evidence.of an,intent to commit larceny suffices. But Judge Fair’s dissent was correct that evidence of the element of a crime does not replace a correct jury instruction on such element. Taken to its logical conclusion, such an argument could allow mere evidence of the crime to replace a jury instruction on any element of a crime. For example, had the State introduced evidence of breaking and entering, the Court of Appeals’ conclusion would allow it to forégo actually instructing the jury that it must find that a defendant broke and entered a dwelling, merely because it introduced evidence to that effect.
If 21. The majority relies on Windless v. State for its proposition that the mere mention of larceny sufficiently instructs the jury in this case. Windless v. State, 185 So.3d 956 (Miss.2015). Windless, a plurality opinion, was a capital murder case. Id. The plurality determined that it was not plain error to fail to instruct the jury on the definition of larceny, which, in that case, was the intended offense to the underlying offense of burglary to the primary offense of capital murder. Id. This case is simply more akin to Conner. And a jury should know the elements of larceny under Mississippi law in order to possess the ability to find' beyond a reasonable doubt that a- defendant intended to commit larceny. Windless, 185 So.3d at 963 (Dickinson, P.J., dissenting). “[T]he crime of larceny is not universal.” Id. (Dickinson, P.J., dissenting); “The abridged ninth edition of Black’s Law Dictionary defines fif *771 teen different kinds of'larceny, each with its own definition.” Id. at 963-64 (Diekin-son, P.J., dissenting), Mississippi has approximately fourteen statutes covering various crimes. of larceny. Id. at 964 (Dickinson, P.J., dissenting) (citing Miss. Code Ann. §§ 97-17-41 to 97-17-64 (Rev. 2014)). .Thus, according to this. Court’s pronouncement in Conner, a jury should be fairly instructed on the elements of the intended crime in order to détermine beyond a reasonable doubt whether the requisite intent existed. This Court appears to overrule Conner with today’s decision.
¶22. Because it was not instructed upon any basis whatsoever on which it could fairly determine whether White possessed the requisite intent to commit larceny, the jury was not fully and fairly instructed ' on the elements of burglary. Therefore, I would reverse White’s conviction, because, the jury was not fairly instructed on the applicable law; thus he was deprived of his right to have a jury determine whether every element of the offense of burglary was proven beyond a reasonable doubt.
DICKINSON, P.J., AND KITCHENS, J., JOIN THIS OPINION.