# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-KA-01046-COA

BRYCE B. HEISSER A/K/A BRYCE BRANDON          APPELLANT
HEISSER A/K/A BRYCE HEISSER A/K/A BRICE
BRANDON HEISSER

v.

STATE OF MISSISSIPPI          APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 11/01/2006 |
| TRIAL JUDGE: | HON. SAMAC S. RICHARDSON |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER |
| | BY: W. DANIEL HINCHCLIFF |
| |      GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: SCOTT STUART |
| DISTRICT ATTORNEY: | MICHAEL GUEST |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF COUNT I, ARMED ROBBERY, AND SENTENCED TO LIFE; COUNT II, AGGRAVATED ASSAULT, AND SENTENCED TO TWENTY YEARS; AND COUNT III, BURGLARY OF A DWELLING, AND SENTENCED TO TWENTY-FIVE YEARS, WITH THE SENTENCES TO RUN CONSECUTIVELY, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS |
| DISPOSITION: | AFFIRMED - 11/01/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., JAMES AND GREENLEE, JJ.**

**LEE, C.J., FOR THE COURT:**

¶1. In this appeal, we must decide whether the jury was properly instructed on the

elements of the crime.

## FACTS AND PROCEDURAL HISTORY

¶2.     On the evening of December 7, 2005, Linda White Brett was alone at her house in Florence, Mississippi.  According to Brett, Jennifer Dillon knocked on Brett's door, and asked if Brett's grandson was home.  Brett told Dillon that he was not and closed the door. Dillon knocked again and asked to use Brett's telephone.  Brett handed Dillon the cordless phone and closed the door again.  Dillon knocked a third time.  When Brett opened the door to retrieve the phone, Dillon, Bryce Heisser, and Lemartine Taylor forced their way inside. Brett testified that she saw another person—Javon Ransburgh—through a window.

¶3.     According to Brett, the intruders took a cell phone, approximately six telephones, a TV, a DVD player, two sets of speakers, jewelry, a purse, and car keys.[1]  Before fleeing, the phone lines were cut, and Heisser used a knife to cut Brett's throat and stab her repeatedly. Shortly thereafter, Brett's grandson arrived and called for help.

¶4.     The Florence Police Department tracked Brett's stolen cell phone to Taylor.  Taylor gave the police a confession and named two others who were involved—Dillon and Heisser.

¶5.     Dillon pleaded guilty and, in exchange for a reduced sentence, agreed to testify at Heisser's trial.  Dillon testified that she, Heisser, Ransburgh, and Taylor went to purchase speakers from Brett's grandson.  She confirmed that she knocked on Brett's door and asked for Brett's grandson.  She knocked again and asked to use the telephone.  And she knocked a third time, which was when the group forced their way inside.  Dillon testified that they

---

[1] It is unclear if they took the car.

disconnected the telephone lines, and then went in separate rooms "looking for stuff to take." Dillon also testified that Heisser told them to kill Brett. When the others did not comply, Heisser grabbed the knife. Dillon went outside, but Heisser later told her that he killed Brett by stabbing her.

¶6.     Ransburgh testified that he entered the house sometime after the others. Ransburgh saw Heisser take a TV to his car and heard Heisser tell Dillon and Taylor to kill Brett. When Dillon and Taylor refused, Heisser took the knife and stabbed Brett. Ransburgh did not receive anything in exchange for his testimony.

¶7.     Ultimately, Heisser was convicted in the Circuit Court of Rankin County of Count I, armed robbery, and sentenced to life; Count II, aggravated assault, and sentenced to twenty years; and Count III, burglary of a dwelling, and sentenced to twenty-five years, with his sentences to run consecutively, in the custody of the Mississippi Department of Corrections.

¶8.     Heisser filed a motion for a new trial or, in the alternative, a judgment notwithstanding the verdict, which was denied. Heisser later filed a motion for an out-of-time appeal, which was granted. Heisser appeals.

**STANDARD OF REVIEW**

¶9.     "This Court reviews the giving or refusal of a jury instruction for an abuse of discretion." *Sheriff v. State*, 156 So. 3d 924, 925 (¶7) (Miss. Ct. App. 2014) (citation omitted). Jury instructions are reviewed as a whole to determine if any error occurred. *Id.* "If the instructions fairly state the law of the case and no injustice is created, no reversible error will be found." *Id.* (citation omitted).

## DISCUSSION

¶10.   Jury Instruction S-5 provided, in pertinent part:

If you find from the evidence in this case, beyond a reasonable doubt, that:

1.      on or about the 7th day of December, 2005, in Rankin County, Mississippi,

2.      the defendant, Bryce Brandon Heisser, did willfully, unlawfully, intentionally and burglariously break and enter the dwelling house of Linda White Brett . . . ,

3.      **with the intent to commit the crime of larceny therein**, then you shall find the Defendant guilty of burglary of a dwelling house.

(Emphasis added).

¶11.   Heisser argues that the jury should have been instructed on the elements of the crime of larceny.  Instead, he argues, the jury was left to "construct its own meaning of that legal term."

¶12.   When the circuit court considered jury instruction S-5, defense counsel responded, "I believe that's a proper statement of the law.  We have no objection."  Because Heisser did not object to jury instruction S-5 at trial, we review Heisser's claim under plain error, which "requires the finding of not only an error, but one that resulted in a 'miscarriage of justice' affecting the defendant's fundamental rights." *Windless v. State*, 185 So. 3d 956, 961 (¶11) (Miss. 2015).  And because we find that no error occurred here, it follows that there is no plain error.  We also note that Heisser failed to raise this issue in his posttrial motion. *See Watts v. State*, 492 So. 2d 1281, 1290-91 (Miss. 1986).  Still, we briefly touch on Heisser's substantive argument.

4

¶13. In *Windless*, our supreme court addressed an argument identical to Heisser's argument here. Windless argued the trial judge failed to instruct the jury on the elements of larceny as the "underlying offense" of the burglary. *Windless*, 185 So. 3d at 960 (¶9). In dismissing that argument, the supreme court stated: "Larceny is commonly understood to connote stealing or theft. The State submitted sufficient evidence for the jury to find that Windless feloniously broke into and entered the victim's house with the intent to steal." *Id.* at 962 (¶11) (internal citations omitted). "Our caselaw holds that only the *intent* to commit some crime need be proven in order to establish the second element of burglary—the State need not also prove the *elements* of that intended crime." *Quinn v. State*, 191 So. 3d 1227, 1233 (¶24) (Miss. 2016).

¶14. Here, the jury was instructed on the essential elements of the crime of burglary—(1) "breaking and entering the dwelling house or inner door of such dwelling house of another"; and (2) "with the intent to commit some crime therein." Miss. Code Ann. § 97-17-23(1) (Rev. 2014). In addition, the jury instructions specifically identified larceny as the crime Heisser intended to commit with regard to the burglary. *Cf. Daniels v. State,* 107 So. 3d 961, 964 (¶17) (Miss. 2013); *Bolton v. State,* 113 So. 3d 542, 544 (¶4) (Miss. 2013). The State submitted sufficient evidence for the jury to find that Heisser broke into and entered Brett's house with the intent to commit larceny. Therefore, Heisser's appeal is without merit.

¶15. **THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY OF CONVICTION OF COUNT I, ARMED ROBBERY, AND SENTENCE OF LIFE; COUNT II, AGGRAVATED ASSAULT, AND SENTENCE OF TWENTY YEARS; AND COUNT III, BURGLARY OF A DWELLING, AND SENTENCE OF TWENTY-FIVE YEARS, WITH THE SENTENCES TO RUN CONSECUTIVELY, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS**

**AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.**

  **IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**