# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-KA-00202-COA

**TOREY PATSHAWN HUBBARD A/K/A TOREY HUBBARD A/K/A TOREY P. HUBBARD**

APPELLANT

v.

**STATE OF MISSISSIPPI**

APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 01/23/2017 |
| TRIAL JUDGE: | HON. JOSEPH H. LOPER JR. |
| COURT FROM WHICH APPEALED: | GRENADA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: JUSTIN TAYLOR COOK |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: KATY TAYLOR GERBER |
| DISTRICT ATTORNEY: | DOUG EVANS |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED: 05/08/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., BARNES AND TINDELL, JJ.**

**TINDELL, J., FOR THE COURT:**

¶1.     A Grenada County grand jury indicted Torey Hubbard for burglary of a dwelling. *See* Miss. Code Ann. § 97-17-23(1) (Rev. 2014).  After a jury convicted Hubbard, the Grenada County Circuit Court sentenced him to fifteen years in the custody of the Mississippi Department of Corrections (MDOC), with the sentence to run consecutively to any previously imposed sentences.  On appeal, Hubbard argues the circuit court erroneously allowed the State to amend his indictment.[1]  Finding no error, we affirm Hubbard's

---

[1] Hubbard also states in his appellate brief that, should this Court deny his requested relief, he "reserves the right to raise any issues related to ineffective assistance of trial

conviction and sentence.

## FACTS

¶2.     Around 6:30 p.m. on August 13, 2016, Bernice Freelon returned home after attending a birthday party. Freelon testified that she had left her house door closed but unlocked, and as she entered her home, she saw someone run from her kitchen to another room. Thinking the person might be a relative, Freelon entered the other room and discovered an intruder. Freelon recognized the intruder as Hubbard. Freelon testified that Hubbard held a t-shirt and another item in his hand and that he stated Freelon's door had been unlocked. Freelon testified that she had never invited Hubbard into her home and that she was afraid upon discovering him there. Freelon ran out the front door of her home, and she stated that Hubbard ran out the back door. Several days after the burglary, Freelon found a white t-shirt and a flashlight in her backyard. Freelon identified the flashlight as hers and testified that she kept the flashlight inside her home.

¶3.     On direct examination, Freelon stepped down from the witness stand and positively identified Hubbard as the burglar she encountered in her home. Freelon testified that she recognized Hubbard at the time of the burglary because she had spoken to him earlier that morning. According to Freelon, she had been hanging up clothes in her yard the morning of the burglary when she noticed Hubbard at the back of her property. Freelon testified that she

counsel that are not fully apparent from the record." We acknowledge that Hubbard remains free to assert any claims of ineffective assistance later in a properly filed motion for postconviction relief. *See Johnson v. State*, 191 So. 3d 732, 735-36 (¶13) (Miss. Ct. App. 2015). We therefore decline to address this matter on direct appeal.

went to see what Hubbard was doing and that she asked him several questions. Freelon also testified that she had seen Hubbard in her yard on three separate occasions prior to the day of the burglary.

¶4. Hubbard testified on his own behalf and denied that he broke into Freelon's home on August 13, 2016. Hubbard stated that he was at his aunt's house from the evening of August 12, 2016, until the evening of August 14, 2016, and that his cousin then spent the night at his house on August 14, 2016. Hubbard admitted on cross-examination that neither his aunt nor his cousin was at trial to corroborate his alibi. According to Hubbard, neither his aunt nor his cousin "like[d] court." When asked whether he told the police about his alibi for the burglary, Hubbard replied that the police did not want to hear anything he had to say and that they never asked him about the witnesses.

¶5. After considering both Freelon's and Hubbard's testimonies, the jury found Hubbard guilty of burglary. The circuit court then sentenced Hubbard to fifteen years in MDOC's custody, with the sentence to run consecutively to any previously imposed sentences. Hubbard filed an unsuccessful motion for a judgment notwithstanding the verdict or, in the alternative, a new trial. Aggrieved, Hubbard appeals.

**DISCUSSION**

¶6. Hubbard's indictment initially charged him with committing burglary "on or about August 14, 2016[.]" After voir dire, the State moved to amend the date of the offense to "on or about August 13, 2016[.]" Overruling the defense's objection that the change constituted a substantive amendment, the circuit court granted the State's motion. On appeal, Hubbard

3

renews his trial objection and argues the circuit court erred by granting the State's motion because the amendment unfairly surprised him and prejudiced his defense.

¶7.    As this Court recently explained:

> The issue of whether an indictment is fatally defective is a question of law and warrants a broad standard of review by this Court. Since this issue is a question of law, the standard of review is de novo. The purpose of an indictment is to inform the defendant with some measure of certainty as to the nature of the charges brought against him so that he may have a reasonable opportunity to prepare an effective defense. The indictment shall contain the essential facts constituting the offenses charged and shall fully notify the defendant of the nature and cause of the accusation.

*Travelstead v. State*, 232 So. 3d 752, 758 (¶16) (Miss. Ct. App. 2017) (quoting *Jones v. State*, 993 So. 2d 386, 394 (¶19) (Miss. Ct. App. 2008)).

¶8.    Hubbard correctly asserts that the circuit court lacked the authority to grant a substantive amendment to his indictment. *See id.* at (¶19). However, "the Mississippi Supreme Court has held that[,] 'unless time is an essential element or factor in the crime, an amendment to change the date on which the offense occurred is one of form only.'" *Id.* (quoting *Conley v. State*, 790 So. 2d 773, 781 (¶16) (Miss. 2001)). The grand jury indicted Hubbard for burglary of a dwelling, which includes the following elements: (1) "breaking and entering the dwelling house or inner door of such dwelling house of another" (2) "with the intent to commit some crime therein." *Heisser v. State*, 213 So. 3d 544, 547 (¶14) (Miss. Ct. App. 2016) (quoting Miss. Code Ann. § 97-17-23(1)). Because time was not an essential element of the burglary for which Hubbard was indicted, we find the amendment to Hubbard's indictment constituted one of form rather than of substance.

4

¶9. In addition, we find no evidence of prejudice to Hubbard's defense based on the amended indictment. Serving as the defense's sole witness, Hubbard testified that he was at his aunt's house from August 12, 2016, until the evening of August 14, 2016, and that his cousin then spent the remainder of August 14, 2016, at his house. Hubbard also explained that his aunt and cousin were not present at trial to testify and corroborate his story because they did not like court. Thus, regardless of whether the indictment charged that the burglary occurred on August 13, 2016, or August 14, 2016, the record reflects that Hubbard's defense and the witnesses testifying on his behalf remained the same. And as our caselaw holds, "[r]eversal is not necessary where the same defense and the same witnesses are available for both the original date and the amended date on the indictment." *Jones*, 993 So. 2d at 394 (¶21) (quoting *Givens v. State*, 730 So. 2d 81, 88 (¶22) (Miss. Ct. App. 1998)).

## CONCLUSION

¶10. Because the amendment to Hubbard's indictment was one of form rather than substance and his defense under the amended indictment remained the same, we find no error in the circuit court's grant of the State's motion to amend Hubbard's indictment.

¶11. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**

5