# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CP-00319-COA

**JOHN JOSEPH DEDEAUX**                                       **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                           **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/25/2019 |
| TRIAL JUDGE: | HON. ROGER T. CLARK |
| COURT FROM WHICH APPEALED: | HANCOCK COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JOHN JOSEPH DEDEAUX (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 04/14/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE BARNES, C.J., WESTBROOKS AND C. WILSON, JJ.

### WESTBROOKS, J., FOR THE COURT:

¶1. Appearing pro se, John Joseph Dedeaux appeals from the Hancock County Circuit Court's denial of his motion for post-conviction collateral relief (PCR). After a review of the record, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2. On July 17, 1989, a Hancock County grand jury indicted Dedeaux in cause number 7086 for one count of burglary of a dwelling in violation of Mississippi Code Annotated section 97-17-19 (1972) (repealed 1996).

¶3. On September 12, 1989, Dedeaux submitted a petition to enter a plea of guilty, which

the circuit court accepted. Dedeaux pled guilty and was sentenced to serve ten years in the custody of the Mississippi Department of Corrections. Dedeaux's conviction was later employed as an underlying cause to charge him as a habitual offender in a subsequent case, which resulted in a thirty-year sentence in 1994.

¶4. On January 11, 2019, nearly thirty years later, Dedeaux filed a PCR motion with the circuit court. He alleged that the indictment for the 1989 conviction was deficient and did not confer jurisdiction upon the circuit court to preside over his case. Specifically, Dedeaux argued that the indictment failed to set forth the essential elements of the offense for which he was charged (burglary).

¶5. On January 25, 2019, the circuit court entered an order denying Dedeaux's PCR motion. From that denial, Dedeaux filed the instant appeal.

## STANDARD OF REVIEW

¶6. When reviewing a circuit court's denial of a PCR motion, we will only disturb a decision that was clearly erroneous. *Kirksey v. State*, 728 So. 2d 565, 567 (¶8) (Miss. 1999) (citing *State v. Tokman*, 564 So. 2d 1339, 1341 (Miss. 1990)). Questions of law are reviewed de novo. *Rice v. State*, 910 So. 2d 1163, 1164-65 (¶4) (Miss. Ct. App. 2005) (citing *Brown v. State*, 731 So. 2d 595, 598 (¶6) (Miss. 1999)).

## DISCUSSION

¶7. Dedeaux challenges the legal sufficiency of his indictment, specifically that the "intent to steal" clause in his indictment is not cognizable as an offense to support the charge of burglary under Mississippi law. He argues that the court lacked subject matter jurisdiction

2

to preside over his case because of the alleged defect.

## I.     Procedural Bar

¶8.    The Uniform Post-Conviction Collateral Relief Act (UPCCRA) provides that in the case of a guilty plea, a PCR motion must be filed within the three-year period following the entry of the judgment of conviction. Miss. Code Ann. § 99-39-5(2) (Rev. 2015). "[F]our types of 'fundamental rights' have been expressly found to survive PCR procedural bars: (1) the right against double jeopardy; (2) the right to be free from an illegal sentence; (3) the right to due process at sentencing; and (4) the right not to be subject to ex post facto laws." *Green v. State*, 235 So. 3d 1438, 1440 (¶9) (Miss. Ct. App. 2017) (quoting *Salter v. State*, 184 So. 3d 944, 950 (¶22) (Miss. Ct. App. 2015)). Dedeaux claims that because his indictment was insufficient, it failed to protect him from subsequent prosecution for the same crime (i.e., double jeopardy). The present PCR motion was filed almost thirty years after his 1989 conviction and would normally be subject to the statutory time-bar, but claims involving "errors affecting fundamental constitutional rights" are excepted from the procedural bars imposed by the UPCCRA. *McCoy v. State*, 111 So. 3d 673, 677 (¶14) (Miss. Ct. App. 2012) (quoting *Rowland v. State*, 42 So. 3d 503, 506 (¶9) (Miss. 2010)). Accordingly, we will address the merits of his claim.

## II.     The Indictment

¶9.    Our Court recently noted that "[t]he issue of whether an indictment is fatally defective is a question of law and warrants a broad standard of review by this Court. Since this issue is a question of law, the standard of review is de novo." *Hubbard v. State*, 269 So. 3d 368,

3

370 (¶7) (Miss. Ct. App. 2018) (quoting *Travelstead v. State*, 232 So. 3d 752, 758 (¶16) (Miss. Ct. App. 2017)). Because Dedeaux pled guilty to the charge at issue, he waived any claims of alleged defects or insufficiencies in the indictment with the exception of a "failure to charge an essential element of the crime" or "lack of subject matter jurisdiction." *Alford v. State*, 185 So. 3d 429, 431 (¶6) (Miss. Ct. App. 2016) (quoting *Joiner v. State*, 61 So. 3d 156, 159 (¶7) (Miss. 2011)). Although the current claim involves a failure to charge an essential element, it is without merit.

¶10. Indictments serve as a mechanism to "inform the defendant with some measure of certainty as to the nature of the charges brought against him so that he may have a reasonable opportunity to prepare an effective defense" and "shall contain the essential facts constituting the offenses charged and shall fully notify the defendant of the nature and cause of the accusation." *Hubbard*, 269 So. 3d at 370 (¶7) (quoting *Travelstead*, 232 So. 3d at 758 (¶16)).

¶11. Dedeaux complains that the indictment for his 1989 burglary conviction failed to allege a violation of the essential statutory elements for burglary as provided in Mississippi Code Annotated section 97-17-19, which at the time read as follows:

> Every person who shall be convicted of breaking and entering any dwelling house, in the day or night, with the intent to commit a crime, shall be guilty of burglary, and be imprisoned in the penitentiary not more than ten years.

The pertinent portion of Dedeaux's indictment alleged that he

> did unlawfully, willfully, feloniously and burglariously break and enter the dwelling house of Mrs. Roma Smith located at 703 Washington Street, Bay St. Louis, Mississippi, with the intent to steal personal property therein.

Dedeaux asserts that the indictment language alleging his "intent to steal personal property"

did not adequately set forth the element of "intent to commit a crime." Dedeaux's argument is seemingly based on the belief that his indictment did not state the underlying criminal element of intent with the requisite particularity. We disagree.

¶12. Dedeaux cites *Gales v. State*, 131 So. 3d 1238 (Miss. Ct. App. 2013), in support of his position. In *Gales*, this Court reversed Gales's conviction and dismissed the indictment after finding that the State failed to include two essential statutory elements of the alleged crime (nondwelling burglary) in his indictment. *Id*. at 1240 (¶¶9-10). Unlike Gales, Dedeaux's indictment contains each of the essential elements when compared with the relevant statute. Dedeaux's argument regarding the heightened particularity requirement for the second element is misplaced.

¶13. The State highlights the Mississippi Supreme Court's decision in *Booker v. State*, 716 So. 2d 1064 (Miss. 1998), where the Supreme Court faced a similar indictment challenge. Booker appealed from the circuit court's denial of his motion to quash the indictment charging him with burglary and argued that the indictment's second element of "intent to commit an assault" did not convey adequate details about the underlying crime of assault. *Id.* at 1067 (¶10). The Supreme Court rejected Booker's argument and found that although the indictment was required to state a particular intended crime, "the allegation of the ulterior felony intended need not, however, be set out as fully and specifically as would be required in an indictment for the actual commission of that felony." *Id.* at 1069 (¶12). The Supreme Court further explained that "[i]t is ordinarily sufficient to state the intended offense generally, as by alleging an *intent to steal*, or commit the crime of larceny, rape or arson."

5

*Id.* (emphasis added) (quoting 13 Am. Jur. 2d *Burglary* § 36 (1964)); *see also McCoy*, 111 So. 3d at 678 (¶16).

¶14. In Dedeaux's indictment, the underlying offense of "intent to steal" was alleged generally, and the indictment's language went further to identify the objects of his criminal intent as "personal property." Accordingly, we find the indictment was sufficient and this issue to be without merit.

¶15. Finding no defects in Dedeaux's indictment, and likewise no violation of his fundamental constitutional right, this claim is procedurally barred and without merit. The circuit court appropriately denied Dedeaux's PCR motion.

¶16. **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR. J. WILSON, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**